IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HILE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BUTH-NA-BODHAIGE, INC.,<br><br>　　　　Defendant.<br>_____<br><br>BUTH-NA-BODHAIGE, INC.,<br><br>　　　　Third-Party Plaintiff,<br><br>　v.<br><br>SAP CANADA, INC., an Ontario Canada Corporation; TRIVERSITY CORPORATION, a Pennsylvania corporation; and ROES 1 through 10, inclusive,<br><br>　　　　Third-Party Defendants.<br>_____ | No. C 07-00791 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD-PARTY COMPLAINT** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the Motion to Dismiss Third-Party Complaint filed by Third-Party Defendants SAP Canada, Inc. ("SAP") and Triversity Corporation ("Triversity"). Having carefully considered the parties' papers, arguments, the relevant legal authority, and having had the benefit of oral argument, the Court HEREBY GRANTS Third-Party Defendants' motion to dismiss.

**BACKGROUND**

On Feburary 7, 2007, Plaintiff Zachary Hile ("Hile") filed a putative class action suit, in which he alleges that Buth-Na-Bodhaige Inc. ("Buth-Na") issued credit card receipts in this judicial district in violation of the Fair and Accurate Credit Transaction Act ("FACTA"). *See* 15 U.S.C. § 1681(c)(g).[1] (Compl. ¶ 20.) Hile alleges that he and other putative class members received non-truncated credit card receipts at the point-of-sale during transactions with Buth-Na, in violation of FACTA. (*Id.* ¶ 23.)

On August 3, 2007, Buth-Na filed a Third-Party Complaint against SAP and Triversity for negligence, breach of contract, and breach of express warranty. Buth-Na's claims are based on a software license support and services agreement (the "Software Agreement") executed on December 31, 2004, between The Body Shop International plc ("BSI") and Triversity.[2] (Third-Party Compl. ¶¶ 24-35.) Buth-Na contends that SAP and Triversity are responsible for the failure of the point-of-sale-software to properly truncate credit card or debit card account numbers on the printed receipts. (*Id.* ¶ 20.)

The Software Agreement contains a provision entitled "Governing Law," which provides:

> The Customer hereby irrevocably submits itself solely to the law and courts of the jurisdiction of the [sic] England and Wales. This agreement will not be governed by the United Nations Convention on Contracts for the International Sale of Goods, the application of which is expressly excluded. In the event of any court proceedings, the prevailing party, with respect to a particular issue, shall be entitled to recover its reasonable legal fees and expenses from the opposing party.

(*Id.,* Exh. A, ¶ 10.2.) SAP and Triversity move to dismiss the Third-Party Complaint on the ground that this suit was filed in an improper venue.

---

[1] FACTA requires the truncation of credit card and debit card numbers that appear on electronically-printed receipts provided by retailers to consumers in the United States. *See* 15 U.S.C. § 1681(c), (g).

[2] Buth-Na is a wholly owned subsidiary of BSI, a global manufacturer and retailer of beauty and cosmetic products. Triversity was a software vendor organized under the laws of Ontario, Canada at the time the Software Agreement was executed. On October 17, 2005, Triversity was purchased by SAP.

## ANALYSIS

**A.    Applicable Legal Standards.**

A motion to dismiss for "improper venue" based on the enforcement of a forum selection clause is governed by Rule 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Unlike a Rule 12(b)(6) motion, a motion under Rule 12(b)(3) does not require that the pleadings be accepted as true, and the Court can consider facts outside the pleadings. *Id.* at 324. However, the Court "must draw all reasonable inferences ... and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l. Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

"Forum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (emphasis and brackets in original) (*citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). "[B]ecause enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, ... federal law applies to interpretation of forum selection clauses." *Id.* at 513.

**B.    Venue in England or Wales is Mandatory.**

SAP and Triversity contend that the "Governing Law" clause is a mandatory forum selection clause, which requires that all claims arising from the Software Agreement be brought in the courts of England and Wales. (Br. at 5.) Buth-Na does not argue that enforcement of the forum selection clause would be unreasonable or unjust. Nor does it argue that it is invalid due to fraud or overreaching. Rather, Buth-Na argues that the forum selection clause is permissive and means only that Buth-Na consented to be sued in England or Wales but not that all suits would be brought there.

In the Ninth Circuit, "[t]he prevailing rule," with regard to forum selection clauses is "that where venue is specified with mandatory language the clause will be enforced." *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989). However, "[w]hen only jurisdiction is specified the clause will generally not be enforced without some further

3

United States District Court
For the Northern District of California

language indicating the parties' intent to make jurisdiction exclusive." *Id.*; *see also Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the *exclusive* one.") (emphasis added). If, however, "the language says nothing about [the forum] having exclusive jurisdiction" the clause is permissive and does not preclude suit elsewhere. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).

In *Hunt Wesson*, the forum selection clause provided that "[t]he courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of the contract." *Hunt Wesson*, 817 F.2d at 76. The court noted that "[a]lthough the word 'shall' is a mandatory term," when read in conjunction with the remainder of the clause, "it mandates nothing more than that the Orange County courts have jurisdiction." *Id.* at 77.[3]

Similarly, *Council of Laborers*, the Ninth Circuit concluded that a forum selection clause that provided "[a] decision of the Board of Adjustment ... or the decision of a permanent arbitrator shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco, State of California" was permissive. *Council of Laborers*, 69 F.3d at 1036. The court reasoned that "[t]he language 'shall be enforceable' is no less permissive than the 'shall have jurisdiction' language in *Hunt Wesson*." *Id.* at 1037. Again, the court concluded the forum selection clause, while using mandatory language did not contain language that demonstrated the requisite exclusivity of the chosen forum and, thus, must

---

[3] The *Hunt Wesson* court contrasted this language with the forum selection clause at issue in *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc*., 741 F.2d 273 (9th Cir. 1984). That clause provided "[A]ny and all disputes arising out of or in connection with this Agreement shall be litigated *only* in the Superior Court for Los Angeles, California *(and in no other)*, and Exhibitor hereby consents to the jurisdiction of said court." *See Hunt Wesson*, 817 F.2d at 77 (quoting *Pelleport*, 741 F.2d at 275 (emphasis added in *Hunt Wesson*)). The court noted that the clause in *Pelleport* used language that referenced the exclusivity of the court as the appropriate forum, and thus used language that "mandates that the designated courts are the only ones which have jurisdiction." Conversely, the forum selection clause at issue in *Hunt Wesson* "clearly falls short of designating an exclusive forum." *Id.* at 77. The Court notes that in *Pelleport* the Ninth Circuit was not called upon to determine whether the clause was mandatory or permissive, and it is only in subsequent opinions that the court has construed that clause to be mandatory.

4

be construed to be permissive. *Id.*

In contrast to the forum selection clauses at issue in *Hunt Wesson* and *Council of Laborers*, the forum selection clause at issue in the *Docksider* case provided that "Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." *Docksider*, 875 F.2d at 763. The court held that this forum selection clause was mandatory, because the latter clause demonstrated the parties' "intent to make jurisdiction exclusive." *Id.* at 764. Similarly, in *Koresko v. RealNetworks, Inc.*, 291 F. Supp. 2d 1157 (E.D. Cal., 2003) the district court determined that a forum selection clause that provided that the plaintiff "consent[s] to the exclusive jurisdiction of the state and federal courts sitting in the State of Washington" was mandatory, because it clearly made reference to the exclusivity of the forum. *Id.* at 1162.

In this case, the forum selection clause provides that "[t]he Customer hereby *irrevocably* submits itself *solely* to the law and courts of the jurisdiction of the [sic] England and Wales." (Third-Party Compl., Exh. A, ¶ 10.2 (emphasis added).) The Court concludes that like the forum selection clauses in *Pelleport, Docksider*, and *Koresko*, the forum selection clause is mandatory. The Court's conclusion is further reinforced when it compares this clause to the forum selection clause at issue *Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615 (N.D. Cal., 2002), which provided that "[e]ach of the parties submits itself to the *non-exclusive* jurisdiction of the Ontario Courts." *Id.* at 618. The *Hsu* court concluded that "[t]he plain language of this provision cannot bear the interpretation offered by defendant. Instead, the clause must be interpreted as a permissive forum selection clause." *Id*. In this case, the parties stated that jurisdiction vests *solely* in the courts of England and Wales. Thus, unlike the parties in *Hsu*, they used language designating the exclusivity of the forum. *See Pelleport*, 741 F.2d at 275 (use of term "only" established exclusivity); *Manetti-Farrow,* 858 F.2d at 511 (using term "sole" rendered forum

5

1 selection clause mandatory and enforceable).[4]

## CONCLUSION

For the foregoing reasons, SAP and Triversity's motion to dismiss the Third-Party Complaint for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3), is GRANTED. A separate judgment shall issue as to these parties, and the Clerk is directed to terminate SAP and Triversity from this action.

**IT IS SO ORDERED.**

Dated: December 14, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[4] At the hearing on this motion, Buth-Na argued that because the forum selection clause did not contain such language as "any action" pertaining to the Software Agreement or "all disputes arising from or out of" the Software Agreement, the clause could not be considered mandatory. However, the clause does make reference to "any court proceedings." Further, in the *Koresko* case, a clause similar to the forum selection clause at issue here was held to be mandatory notwithstanding the fact that it did not include such language. *Koresko*, cite. Accordingly, the failure to include the "any and all disputes" language does not alter the Court's conclusion.