| | |
|---|---|
| KERRY ALAN SCANLON, PRO HAC VICE<br>kscanlon@kayescholer.com<br>KAYE SCHOLER LLP<br>901 Fifteenth Street, N.W., Suite 1100<br>Washington, D.C. 20005<br>Telephone: (202) 682-3500<br>Fax: (202) 682-3580 | |
| KATE S. GOLD, Bar No. 156117<br>kgold@kayescholer.com<br>THEODORE W. MAYA, Bar No. 223242<br>tmaya@kayescholer.com<br>KAYE SCHOLER LLP<br>1999 Avenue of the Stars, Suite 1700<br>Los Angeles, California 90067-6048<br>Telephone: (310) 788-1000<br>Fax: (310) 788-1200 | ERIC A. GROVER, Bar No. 136080<br>KELLER GROVER LLP<br>425 Second Street, Suite 500<br>San Francisco, California 94107<br>Telephone: (415) 543-1305<br>Fax: (415) 543-7681<br>eagrover@kellergrover.com |
| Attorneys for Defendant<br>BUTH-NA-BODHAIGE, INC. | Attorneys for Plaintiff<br>ZACHARY HILE |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HILE, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUTH-NA-BODHAIGE, INC.,<br><br>　　　　Defendant.<br>_____<br>BUTH-NA-BODHAIGE, INC.,<br><br>　　　　Third-Party Plaintiff,<br>　　v.<br><br>SAP CANADA, INC. an Ontario, Canada corporation; TRIVERSITY CORPORATION, a Pennsylvania corporation; and ROES 1 through 10, inclusive,<br><br>　　　　Third-Party Defendants. | CASE NO. C 07 0791 JSW<br><br>**STIPULATION AND [PROPOSED] ORDER RE: STAY OF CLASS ACTION PENDING NINTH CIRCUIT'S DECISION IN** *SOULIAN V. INTERNATIONAL COFFEE AND TEA LLC*<br><br>[No Hearing Required] |

Defendant Buth-Na-Bodhaige, Inc. ("Buth-Na") and Plaintiff Zachary Hile ("Hile"), by and through their respective counsel, hereby stipulate, in accordance with Civil Local Rules 6-2, 7-12, and 16-2(e):

WHEREAS, on or about February 7, 2007, Hile filed this class action against Buth-Na, seeking to certify and represent a class of plaintiffs asserting a claim under the Fair and Accurate Credit Transaction Act ("FACTA") ("Hile FACTA Class Action");

WHEREAS, the Court entered an Initial Case Management Conference Order on August 17, 2007 (the "August 17 Case Management Order"), setting a Further Case Management Conference on February 29, 2008, and establishing various deadlines, including Close of Class Certification Discovery on February 15, 2008;

WHEREAS, the parties to this action each have propounded written discovery, and Hile's responses to Buth-Na's written discovery requests currently are due on January 11, 2008;

WHEREAS, the Ninth Circuit currently is considering an appeal from an order issued by the district court for the Central District of California, in which the district court denied class certification of a similar FACTA class action in the case of *Soualian v. International Coffee and Tea LLC*, 2007 U.S. Dist. LEXIS 44208 (C.D. Cal. June 11, 2007), Ninth Circuit Docket No. 07-56377;

WHEREAS, the Ninth Circuit's decision in *Soualian* is anticipated to provide important guidance to this Court and to the parties with respect to whether class treatment of Hile's claims is proper and superior to individual actions, under Federal Rule of Civil Procedure 23(b)(3);

WHEREAS, on December 7, 2007, this Court stayed another FACTA class action filed by Hile against a different defendant, *Hile v. Max Rave, LLC*, Case No. 07-00738 JSW, pending the Ninth Circuit's decision in *Soualian*;

WHEREAS, Buth-Na filed a Third Party Complaint in this action on or about August 3, 2007, against Third-Party Defendants SAP Canada, Inc. and Triversity Corporation (collectively, "SAP Triversity");

WHEREAS, on December 14, 2007, this Court granted SAP Triversity's Motion to Dismiss Buth-Na's Third-Party Complaint (the "December 14 Order") based in part on SAP Triversity's argument that a purported forum selection clause in its contract with Buth-Na's parent company,

The Body Shop International plc, requires that all disputes between SAP Triversity and Buth-Na must be brought in the courts of England and Wales;

WHEREAS, in light of the December 14 Order, Buth-Na intends to file suit against SAP Triversity in England;

WHEREAS, on or about May 11, 2007, another FACTA class action complaint was filed against Buth-Na in the Eastern District of Pennsylvania, entitled *Korman v. Buth-Na-Bodhaige, Inc.*, Case No. 07-1928 ("Korman FACTA Class Action");

WHEREAS, on November 29, 2007, the Eastern District of Pennsylvania court granted Buth-Na's Motion to Transfer the Korman FACTA Class Action to the Northern District of California where the Hile FACTA Class Action is already pending, (*see* order attached hereto as Exhibit A), and on December 28, 2007, Buth-Na received notification that the Korman FACTA Class Action had been transferred;

WHEREAS, Buth-Na intends to file an Administrative Motion to Consider Whether Cases Should Be Related under Local Rule 3-12(b) and/or a Motion to Consolidate under Fed. R. Civ. Proc. 42 as soon as practicable after the *Korman* action is assigned a Northern District of California case number;

**NOW THEREFORE, THE PARTIES STIPULATE AS FOLLOWS:**

1. Except as set forth below at paragraphs 4 and 5, this case shall be **STAYED** pending the Ninth Circuit's decision in *Soualian* and this Court's subsequent entry of an order lifting this stay;

2. All pending deadlines set forth in the Court's August 17 Case Management Order, including without limitation the February 29, 2008 Further Case Management Conference and the discovery and class certification deadlines, shall be **VACATED;**

3. Within five court days of the Ninth Circuit's decision in *Soualian*, counsel for Buth-Na shall submit a notice to the Court notifying it of such decision, after which notice the Court will issue an order lifting the stay and taking such other action as the Court may deem appropriate, including without limitation, issuing a new Case Management Order as necessary in accordance with the Ninth Circuit's decision in *Soualian*;

4. Notwithstanding entry of a stay, Buth-Na shall be permitted to file and the Court shall consider Buth-Na's Administrative Motion to Consider Whether Cases Should Be Related under Local Rule 3-12(b) and/or Motion to Consolidate under Fed. R. Civ. Proc. 42, after the Korman FACTA Class Action has been assigned a Northern District of California case number; and

5. Notwithstanding entry of a stay, Buth-Na shall be permitted to file and the Court shall consider any appropriate motion by Buth-Na for revision of or relief from this Court's December 14 Order concerning dismissal of the Third Party Complaint against SAP Triversity, whether under Federal Rule of Civil Procedure 54, or under any other applicable federal or local Rule.

Dated: January 9, 2008 By: /s/ Kerry Alan Scanlon
Kerry Alan Scanlon
Kate S. Gold
Theodore W. Maya
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
Telephone: (310) 788-1000
Fax: (310) 788-1200

Attorneys for Defendant
BUTH-NA-BODHAIGE, INC.

Dated: January 9, 2008 By: /s/ Eric A. Grover
ERIC A. GROVER, Bar No. 136080
KELLER GROVER LLP
425 Second Street, Suite 500
San Francisco, California 94107
Telephone: (415) 543-1305
Fax: (415) 543-7681
eagrover@kellergrover.com

Attorneys for Plaintiff
ZACHARY HILE

[PROPOSED] ORDER

Good cause appearing therefore, PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: January 9, 2008

The Honorable Jeffrey S. White
Judge of the District Court